### CORNELIUS DRISCOLL *vs.* THOMAS MARSHALL.

The delivery, at the same time with a deed of land, of an earlier sealed agreement by the grantee to purchase the land subject to a reservation of the wood, which has been previously sold to a third person with the right to remove it, operates as a license to that person to enter and cut the wood, although the deed is a warranty deed, without any such reservation.

ACTION OF TORT for breaking and entering the plaintiff's close in Chelmsford, and cutting down and carrying away trees. Writ dated January 19th 1858.

At the trial in the court of common pleas in Middlesex at March term 1859, the defendant admitted the entry and cutting of the timber. The plaintiff gave in evidence deeds of warranty of this land, containing no reservation, made in April 1857, from Calvin Rogers to A. F. Dyar and A. A. Dyar, and from them to the plaintiff.

The defendant justified under, and gave in evidence, a bill of sale from Rogers to him, dated January 1st 1857, of the wood

then standing on this land, with the right to remove it at any time before the 1st of April 1858 ; and proved that under this bill, and with the consent of the Dyars, he cut and carried away the wood. The defendant also gave in evidence an agreement under seal, signed by the plaintiff, dated March 31st 1857, by which he agreed to purchase of the Dyars the land in question, subject to the reservation of " the wood bought by T. Marshall." The defendant proved that this agreement and the deed from the Dyars to the plaintiff were delivered at one and the same time ; and that the plaintiff and the Dyars respectively, at the time of taking their deeds, knew that the wood had been sold to the defendant.

Upon this evidence, *Perkins,* J. ruled " that the deed and agreement being delivered at the same time, the sale of the wood being in writing, and the time of cutting and taking off the same not having expired before the entry complained of, and the plain tiff having notice of the same, the defendant was justified," and directed a verdict accordingly. The plaintiff alleged exceptions.

*A. R. Brown,* for the plaintiff. The deeds of Rogers to the Dyars, and of the Dyars to the plaintiff, being both warranty deeds and without reservation of the defendant's right to cut wood, the Dyars, and the defendant who claims under them, are estopped to set up the agreement signed by the plaintiff a year before the deed to him. *Wilkinson* v. *Scott,* 17 Mass. 249. *Davenport* v. *Mason,* 15 Mass. 85. *Griswold* v. *Messenger,* 6 Pick. 517.

*D. S. Richardson,* for the defendant, cited *Claflin* v. *Carpenter,* 4 Met. 580 ; *Reed* v. *Merrifield,* 10 Met. 155 ; *Clap* v. *Draper,* 4 Mass. 266 ; *Hurd* v. *Livermore,* 5 Pick. 395 ; *Makepeace* v. *Harvard College,* 10 Pick. 302 ; Rev. Sts. *c.* 59, § 29.

BIGELOW, J. The written agreement signed by the plaintiff, and delivered simultaneously with the deed of the *locus* under which he claims title, operated as a license to the defendant to enter on the premises and cut and carry away the wood which he had bought of a former owner of the land. The wood sold to the defendant was expressly reserved in that agreement, and assented to by the plaintiff. An oral license to enter and take away wood under an agreement for its sale, while standing and

growing on land, is valid, and, until revoked, is a justification of any entry made for the purpose of executing the contract of sale.  *Claflin* v. *Carpenter*, 4 Met. 580.

*Exceptions overruled.*